DAVENPORT, JOHNSON & COMPANY *vs.* W. M. & R. J. LOWRY.

Where one member of a firm gave to a bank his individual note for $2,500.00, indorsing it with the firm name, and thereafter paid $1,500.00, and twice renewed the note for $1,000.00 in his own name and without the indorsement of the firm, equity would not thereafter aid the creditor, either by reinstating the original note with a credit thereon, or by reforming the note last given by having it indorsed by the firm, and in either event decreeing payment by the firm. Reasonable diligence by the bankers or their agent, who twice took a renewal of the note, would have discovered the truth, and equity will not relieve them from the result of their own *laches*.

October 26, 1836.

Promissory Notes. *Laches.* Equity. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1886.

Reported in the decision.

B. F. ABBOTT, for plaintiffs in error.

F. A. ARNOLD, for defendants.

JACKSON, Chief Justice.

This case went before the court below on a petition in equity, filed by W. M. & R. J. Lowry, against Davenport, Johnson & Co., to recover from that firm the amount of a note given the bank by Voorhis, one of the firm, in his individual name, and not indorsed by the firm. The property of the firm was in the hands of a receiver, and a bill was pending, having several contestants for claims upon the firm, when this petition was filed by the Lowrys to recover from the firm. On the issue between them and the firm, the jury found for the complainants. Thereupon, on the denial of a new trial, the case was brought here by the firm.

The facts, very briefly, are that the Lowrys are bankers in Atlanta; that Voorhis gave them a note for $2,500.00; that he indorsed for the firm by putting its name thereon; that twice afterwards he renewed the note for $1,000.00, having paid $1,500.00, leaving off the indorsement by the firm. The prayer is, to reform the transaction as the writing exhibits, to deliver up the first note, to credit it with $1,500.00 paid on it and make the firm pay the balance as indorsers, or to reform the note last given for $1,000.00 by having it indorsed by the firm and decree its payment by them as such indorsers. The jury, under the charge, found that this be done, in effect, and the court decreed accordingly.

The question is, will equity relieve in such a case? and this is the only point necessary to examine and determine, under our view of the law. Reasonable diligence by the bankers, or their officer and agent, who took the renewal

twice made without the indorsement, would have discovered the truth; such being the case, equity will not relieve. The code, §3126, declares that, "If a party, by reasonable diligence, could have had knowledge of the truth, equity will not relieve;" and in *Massey vs. The Cotton States Life Insurance Company*, 70 *Ga.* 794, that section was applied to a similar case to this. So that the question is not open here.

Judgment reversed.